UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOUNTHAVY MOUNIVONG, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-1483-PRW |
| PAMELA BONDI, et al., | ) ) ) |
| Respondents. | ) ) ) |

## ORDER

Petitioner Bounthavy Mounivong through counsel filed a Verified Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned has promptly examined the Petition and orders as follows:

1. Not later than **December 29, 2025**, Respondents shall file an answer or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Alternatively, Respondents may file a pre-answer motion.

   a. If Respondents file an answer or other response, Petitioner may file a reply within 7 days from the filing date.

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

    b.    If Respondents file a pre-answer motion and Petitioner opposes that motion, Petitioner shall file a response within 10 days from the filing date. *See* LCvR7.1(g).

    c.    The Court notifies the parties that if Respondents file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and rely on affidavits and/or documents not attached to or incorporated by reference in the Petition, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. July 7, 2003) (discussing conversion of a motion to dismiss in a habeas proceeding). Should this occur, Petitioner is notified of his responsibility to respond to the motion and present to the Court all relevant evidence or materials.

2.    The Petition alleges that Petitioner is being held within the territorial jurisdiction of the Western District of Oklahoma.

    a.    Respondents shall file written notice at least seventy-two hours before removing, transferring, relocating, or otherwise moving Petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma.

    b.    If Respondents contest that Petitioner is presently being held within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written notice stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after Respondents become aware of Petitioner's location.

3.    The Clerk of Court is directed to send this Order and a copy of the Petition to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

4.    The Clerk of Court is directed not to issue summons. *See* Rule 4 of the Rules Governing Section 2254 Cases (requiring a district court to "promptly examine" a petition and "if the petition is not dismissed," then "order the respondent to file an answer, motion, or other response within a fixed time" (citation modified)).

**IT IS SO ORDERED** this 11th day of December, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE