UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOUNTHAVY MOUNIVONG, )<br>)<br>　　　Petitioner, )<br>)<br>v. )<br>)<br>PAMELA BONDI, et al., )<br>)<br>　　　Respondents. ) | Case No. CIV-25-1483-PRW |

### REPORT AND RECOMMENDATION

Petitioner Bounthavy Mounivong, a noncitizen detainee under an immigration order of removal, filed a Verified Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner challenges under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

### I.   Background and Petitioner's Claims[1]

Petitioner is a native and citizen of Laos who entered the United States as a refugee in or around 1987. Pet. at 1. He was ordered removed from the United States on November 16, 1994, and he alleges that his order of removal became final on that same date. *Id.* He was subsequently placed on an Order of Supervision ("OOS") pursuant to 8 C.F.R. § 241.5

---

[1] The government has not yet filed a Response to the Petition. *See* Doc. 8 (setting the deadline for response to the petition as December 29, 2025). Accordingly, this Report and Recommendation describes the background facts as alleged in the Petition.

and 8 C.F.R. § 241.13. *Id.* at 2. Petitioner alleges ICE re-arrested him in early December 2025. *Id.* at 2.

On December 11, 2025, Petitioner filed the Petition alleging, *inter alia*, that (1) Respondents violated 8 C.F.R. § 241.13 by re-detaining him after his release on an OOS and (2) his re-detention violates his Due Process rights under the Fifth Amendment. Pet. at 25-26. Petitioner seeks immediate release. *Id.* at 22. When Petitioner filed his Petition, he was detained at the Kay County Detention Center in Newkirk, Oklahoma. *Id*. at 4.

On December 15, 2025, Respondent filed a notice that Petitioner "was removed to Laos on December 14, 2025." Doc. 11. The Court provided an opportunity for Petitioner's counsel to respond to the notice of removal, Doc. 12, and counsel did not respond. Further, the undersigned has separately confirmed that Petitioner's location in ICE custody no longer appears on ICE's Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Dec. 22, 2025).

## II. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of*

*Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

### III. <u>Analysis</u>

Petitioner properly filed his Petition in this district because he was detained here at the time of filing. Pet. at 4; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)). "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation,

the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been removed to his home country of Laos. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent release from ICE custody and removal from the United States may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been removed from the country. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not his underlying removal order. *See* Doc. 1 at 2. Courts have concluded that a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding

4

[petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with petitioner).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding that an immigration detainee's "release [from immigration custody through deportation] has mooted his challenge to the legality of his detention"); *Souphanthong v. Bondi*, No. CIV-25-1220-D, Doc. 16 (W.D. Okla. Dec. 1, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, Doc. 20 (W.D. Okla. Dec. 16, 2025); *McLean v. Bondi*, No. CIV-25-1165-PRW, Doc. 11 (W.D. Okla. Oct. 23, 2025) (same) (R&R), *adopted*, Doc. 18 (W.D. Okla. Nov. 14, 2025); *Vasiliu v. Holder*, No. CIV-11-551-C, 2011 WL 4430882, at *3 (W.D. Okla. Aug. 15, 2011) (same) (R&R), *adopted*, 2011 WL 4433586 (W.D. Okla. Sept. 21, 2011); *see also Diaz Garcia v. Grant*, No. CIV-25-1239-D, Doc. 15 (W.D. Okla. Dec. 15, 2025) (recommending dismissal of habeas petition as moot when Cuban national petitioner was removed to third country of Mexico and was no longer in ICE custody) (R&R); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, Doc. 12 (W.D. Okla. Nov. 6, 2025) (recommending

dismissal of habeas petition as moot when petitioner's request for cancellation of removal was granted and he was released from ICE custody) (R&R), *adopted*, Doc. 13 (W.D. Okla. Nov. 21, 2025).

## IV.     Recommendation and Notice of Right to Object

Petitioner's release from ICE custody and removal to Laos render his Petition moot, as there is no longer an actual case or controversy for the Court to decide. The undersigned therefore recommends that the Court **DISMISS** the Petition, Doc. 1, as moot. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **January 5, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of December, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE